No. 2-23-0512
Opinion filed February 22, 2024

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22-CF-115 |
| RAMON BASURTO JR., | ) ) | Honorable Daniel B. Shanes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court, with opinion.
Justices Hutchinson and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1                          I. INTRODUCTION

¶ 2      Defendant, Ramon Basurto Jr., appeals an order of the circuit court of Lake County denying his motion for release in accordance with article 110 of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/art. 110 (West 2022))[1] and chapter V of the Unified Code of

---

[1]Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Criminal Code, has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act"; however, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

Corrections (Unified Code) (730 ILCS 5/ch. V (West 2022)). For the reasons that follow, we reverse and remand, with directions.

¶ 3                                    II. BACKGROUND

¶ 4        In May 2023, defendant pleaded guilty to one count of aggravated unlawful use of a weapon, a Class 4 felony (720 ILCS 5/24-1.6(a)(3)(I) (West 2022)), in Lake County Case No. 22-CF-115. In exchange, the State agreed to dismiss the remaining charges and to sentence defendant to 24 months' felony probation and 6 months' electronic home monitoring. Among the terms of defendant's probation was that he not violate any criminal statute or ordinance of any jurisdiction.

¶ 5        Defendant remained on probation and electronic home monitoring until July 11, 2023, when the State filed a petition to revoke defendant's probation. Defendant was remanded to jail on July 14, 2023. On July 24, 2023, the State and defendant agreed to modify defendant's 180-day electronic home monitoring sentence to a 180-day jail sentence, for which defendant would receive credit for 82 days served. Defendant was to remain on probation upon his release from jail.

¶ 6        After defendant's release from jail on October 22, 2023, the State filed a new petition to revoke defendant's probation. In the petition, the State alleged that defendant committed the offense of aggravated battery to a peace officer (*id*. § 12-3.05) by striking a sheriff's deputy with a metal can of alcohol. This charge became Lake County case No. 23-CF-2090. The record contains a modified remand order, dated October 22, 2023, requiring that defendant be held without bond. That same day, an additional order was entered stating that

> "defendant's pretrial release, upon the states [*sic*] filing of a petition to revoke, is revoked based upon the defendants [*sic*] new alleged offense in 23 CF 2090, which is alleged to have been committed when the defendant was on felony probation for 22 CF 115."

Defendant remained in jail after this time.

¶ 7    On November 9, 2023, defendant filed a motion for release, arguing that the State had not filed a petition to detain defendant, the court had not conducted a timely hearing as to any petition to detain defendant, and thus defendant should be released from custody.

¶ 8    On November 16, 2023, the court held a hearing on defendant's motion for release. In support, defense counsel noted that defendant was being held in custody based on the October 22, 2023, petition to revoke probation, but that the trial court did not hold a detention hearing before remanding defendant. Counsel indicated that the State did not, and could not, file a petition to deny defendant pretrial release in case No. 23-CF-2090, as defendant was not charged with a detainable offense. See 725 ILCS 5/110-6.1 (West 2022). Defense counsel further argued that, because the language in the Unified Code (730 ILCS 5/5-6-4 (West 2022)) was modified by Public Act 101-652, § 10-280 (eff. Jan. 1, 2023) (Act), to replace references to "bail" with "pretrial release," the Criminal Code, as amended by the Act, should govern defendant's release while the petition to revoke remained pending in case No. 22-CF-115. In response, the State asserted that, because defendant committed "a new substantial offense, the court could detain the defendant at the court's discretion on the [petition to revoke]" based on the language in the Unified Code.

¶ 9    The trial court denied defendant's motion. As grounds, the trial court rejected defense counsel's contention that defendant's release while on probation would be subject to the language of the Criminal Code, as amended by the Act, stating that "the very name of the Act, the Pretrial Fairness Act, speaks to what it is. Pretrial." The court considered the fact that the term "pretrial release" appeared in the Unified Code but determined that it was "[c]learly not" the same "pretrial as in the Pretrial Fairness Act." In denying defendant's motion, the court determined that the trial court's authority to detain an individual was not impacted by the amendments made by the Act

and accordingly ordered that defendant remain detained. On November 21, 2023, the trial court entered an order stating as follows:

> "This matter coming before the court for detention hearing, and the Court having heard arguments by the parties, the Court Orders the continued detention of the defendant on the PTR pursuant to 730 ILCS 5/5-6-4(b) as the PTR alleges a new criminal offense being committed."

¶ 10                                 III. ANALYSIS

¶ 11    The Act amended the Criminal Code by abolishing traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. *Id*. §§ 110-2(a), 110-6.1(e). Under the Criminal Code, as amended, a defendant's pretrial release may be denied only in certain statutorily limited situations (qualifying offenses). *Id*. §§ 110-2(a), 110-6.1.

¶ 12    We apply a two-part standard of review to a trial court's decision to detain a defendant. We apply the manifest-weight-of-the-evidence standard to the trial court's factual determinations. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if an opposite conclusion to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52. Questions of law and the construction of statutes are reviewed *de novo*. *People v. Swan*, 2023 IL App (5th) 230766, ¶ 16.

¶ 13    On appeal, defendant contends that the trial court erred in finding that the Criminal Code (725 ILCS 5/art. 110 (West 2022)) does not apply to a defendant in a postsentencing procedural posture and thus erred in denying his motion for release. Despite his motion for release and hearing thereon under the Criminal Code, the State argues that defendant was not denied pretrial release as defined by the Criminal Code and that this court therefore lacks jurisdiction to consider the order. We agree with defendant.

¶ 14    Section 5-6-4 of the Unified Code provides that, when a petition is filed alleging a violation of a condition of probation, the trial court "shall conduct a hearing of the alleged violation." 730 ILCS 5/5-6-4(b) (West 2022). The statute further provides that:

> "The court shall admit the offender to pretrial release pending the hearing unless the alleged offense is itself a criminal offense in which case the offender shall be admitted to pretrial release on such terms as are provided in the [Criminal Code], as amended." *Id.*

Thus, according to the plain language of the statute, defendant was entitled to pretrial release as provided in article 110 of the Criminal Code. 725 ILCS 5/art. 110 (West 2022); see Pub. Act 101-652, § 10-280 (eff. Jan. 1, 2023) (amending 730 ILCS 5/5-6-4(b)); see also *People v. Singleton*, 2024 IL App (4th) 231104-U, ¶ 19 (finding that the plain language of section 5-6-4(b) of the Unified Code entitled a defendant to pretrial release as provided in article 110 of the Criminal Code where the defendant violated the terms of his conditional discharge by committing a criminal offense).

¶ 15    We review *de novo* issues of statutory construction. *Swan*, 2023 IL App (5th) 230766, ¶ 16. The court's "fundamental objective in addressing issues of statutory construction is to ascertain and give effect to the legislature's intent." *People v. Taylor*, 2023 IL 128316, ¶ 45. In addition, the

court must presume that the legislature did not intend to produce absurd, inconvenient, or unjust results. *Id.*

¶ 16    The trial court suggested that the language regarding "pretrial release" in the Unified Code was not the pretrial release contemplated by the Criminal Code. We disagree. The language in the Unified Code was amended at the same time as the Criminal Code presumably in order to make the two statutes consistent. See Pub. Act 101-652, § 10-280 (eff. Jan. 1, 2023) (amending 730 ILCS 5/5-6-4(b)). Moreover, the Unified Code specifically provides that a defendant charged with a violation of probation is entitled to pretrial release as provided in the Criminal Code. See 730 ILCS 5/5-6-4(b) (West 2022).

¶ 17    The State points to the last sentence of section 5-6-4(b) as grounds for denying defendant pretrial release based on the petition to revoke. It reads:

"In any case where an offender remains incarcerated only as a result of his alleged violation of the court's earlier order of probation, *** such hearing shall be held within 14 days of the onset of said incarceration, unless the alleged violation is the commission of another offense by the offender during the period of probation, *** in which case such hearing shall be held within the time limits described in Section 103-5 of the [Criminal Code], as amended." *Id*.

¶ 18    The State argues that this provision of the statute can be read separately from the directive that a defendant be admitted to pretrial release as contemplated in the Criminal Code such that "a new substantial offense" allows the trial court to "detain the defendant at the court's discretion on the [petition to revoke]." But this construction would read into the statute language that is not present and read out of it entirely the immediately preceding sentence: "The court shall admit the offender to pretrial release pending the hearing unless the alleged violation is itself a criminal

offense in which case the offender shall be admitted to pretrial release" under the Criminal Code. *Id.* This provision simply mandates the time for hearing on the petition to revoke.

¶ 19     The trial court believed that reading the statute to require release (with an exception for new detainable offenses) would lead to an absurd result, that being that a defendant with a community-based sentence the State has sought to revoke could not be detained, while a defendant who has not yet been found guilty (or not guilty) could be detained. "When a proffered reading of a statute leads to absurd results or results that the legislature could not have intended, courts are not bound to that construction, and the reading leading to absurdity should be rejected." *Dawkins v. Fitness International, LLC*, 2022 IL 127561, ¶ 27. However, "[i]nterpreting legislation to mean something other than what it clearly says is a measure of last resort, to avoid great injustice or an outcome that could be characterized, without exaggeration, as an absurdity and an utter frustration of the apparent purpose of the legislation." (Internal quotation marks omitted.) *Dusthimer v. Board of Trustees*, 368 Ill. App. 3d 159, 169 (2006).

¶ 20     The Act "dramatically changed the statutory framework" for pretrial release in Illinois. *Rowe*, 2023 IL 129248, ¶ 1. The Act's amendments to the Criminal Code eliminate cash bail (see 725 ILCS 5/110-1.5 (West 2022)), presume all persons are eligible for pretrial release (see *id.* § 110-2), allow detention only for those charged with detainable offenses (see *id.* § 110-6.1(a)), place the burden on the State to prove detention is necessary (see *id.* § 110-6.1), and require the court to make individualized decisions under the Criminal Code (see *id.* § 110-6.1(f)(7)) and written findings summarizing its reasons for denying release based on the specific articulable facts of the case (see *id.* § 110-6.1(h)). Given those expressions of legislative intent, we are hard pressed to conclude that the legislature did not intend the plain meaning of its language in section 5-6-4(b): "The court shall admit the offender to pretrial release pending the hearing unless the alleged

violation is itself a criminal offense in which case the offender shall be admitted to pretrial release on such terms as are provided" in the Criminal Code. 730 ILCS 5/5-6-4(b) (West 2022).

¶ 21 Our reading of the Criminal Code as a whole, coupled with the contemporaneous amendment to the Unified Code provision at issue here, make it clear that what the trial court saw as absurd is the legislature's policy preference. "The wisdom of legislation is never a concern for the judiciary." *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 16. Because defendant here was charged with a probation violation and because the alleged violation was not a detainable offense, defendant was entitled to pretrial release as contemplated in article 110 of the Criminal Code pending his hearing on the State's petition to revoke his probation. Thus, the court should have considered what factors would be appropriate to reasonably ensure the appearance of defendant as required or the safety of the community. See 725 ILCS 5/110-5, 110-10 (West 2022). Accordingly, we hold that the trial court's determination that defendant was not entitled to pretrial release was an abuse of discretion. *In re Marriage of Burns*, 2019 IL App (2d) 180715, ¶ 24 ("a court abuses its discretion when its decision is based upon a misapplication of law").

¶ 22                                    IV. CONCLUSION

¶ 23 In light of the foregoing, the order of the circuit court of Lake County is reversed, and this cause is remanded for further proceedings. On remand, the trial court shall hold a hearing under section 110-10 of the Criminal Code to determine what conditions, if any, should be imposed upon defendant as a condition of pretrial release. 725 ILCS 5/110-10 (West 2022). Mandate to issue instanter.

¶ 24 Reversed and remanded with directions.

*People v. Basurto*, **2024 IL App (2d) 230512**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 22-CF-115; the Hon. Daniel B. Shanes, Judge, presiding. |
| | |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Daniel T. Mallon, of State Appellate Defender's Office, of Chicago, for appellant. |
| | |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |