2024 IL App (4th) 231524

NOS. 4-23-1524, 4-23-1525, 4-23-1526 cons.

FILED
February 28, 2024
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the<br>Circuit Court of<br>Adams County |
| Plaintiff-Appellee, | ) | Nos. 20CF123 |
| | ) | 20CM244 |
| v. | ) | 20CF625 |
| | ) | |
| BRUCE K. DYER II, | ) | Honorable |
| | ) | Talmadge "Tad" Brenner, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Justices Cavanagh and Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Bruce K. Dyer II, appeals a December 7, 2023, order granting the

State's petition to revoke or modify his pretrial release conditions pursuant to section 110-6(a) of

the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6(a) (West 2022)), hereinafter

as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023) and Public Act 102-1104, § 70

(eff. Jan. 1, 2023). See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (vacating the stay of these

amendments effective on September 18, 2023). We vacate the order and remand with directions.

¶ 2                                I. BACKGROUND

¶ 3        In 2021, defendant pleaded guilty to unlawful possession of less than five grams of methamphetamine (720 ILCS 646/60(b)(1) (West 2020)) in two separate cases, Adams County case Nos. 20-CF-123 and 20-CF-625. Those offenses were Class 3 felonies. Defendant also pleaded guilty in Adams County case No. 20-CM-244 to resisting a police officer (720 ILCS 5/31-1(a) (West 2020)), a Class A misdemeanor. Defendant was sentenced in all three cases to a 30-month term of probation and 364 days in jail. The sentencing judge stayed the mittimus as to the jail term and credited defendant for 223 days already spent in custody.

¶ 4        On October 17, 2023, the State filed a petition to issue the mittimus *instanter* based on defendant's alleged failure to attend a probation appointment on October 10, 2023. When defendant failed to appear in court on November 2, 2023, Judge Robert Adrian issued a warrant for defendant's arrest and issued the mittimus with respect to the stayed jailed time. The warrant indicated that the mittimus would be issued "upon arrest" and "[w]ithout pretrial release conditions." A docket entry the same day provided: "Warrant to issue w/mittimus to issue once apprehended on warrant."

¶ 5        Defendant was arrested on this warrant on November 6, 2023. That day, Judge Talmadge Brenner ordered defendant to be brought to court on November 8, 2023.

¶ 6        On November 8, 2023, the State filed a petition to revoke defendant's probation in all three of his 2020 cases. In its petition, the State alleged defendant violated the terms of his probation by (1) failing to report for appointments on three occasions and (2) failing to appear in court on November 2, 2023.

¶ 7        Also on November 8, 2023, Judge Jerry Hooker entered an "initial appearance order." This order indicated that defendant appeared in court without counsel and remained "lodged on mittimus." The trial court appointed defendant an attorney, who was to appear at the

next court date on November 21, 2023. The court checked a box reflecting that the court "admits the Defendant to pretrial release in accordance with the provisions of 725 ILCS 5/110-5. See Conditions of Release Order."

¶ 8 On November 8, 2023, Judge Hooker also entered an "original" "conditions of pretrial release order." According to this order, the trial court considered "all factors set forth in 725 ILCS 5/110-5 and otherwise allowed by law." The court found that (1) the State "proved by clear and convincing evidence that any included non-mandatory conditions of release" were necessary and (2) the specified conditions of release were "the least restrictive combination of conditions necessary to reasonably ensure the Defendant appears in court, commits no criminal offense, threatens the safety of no person or persons or the community, and complies with all of these conditions." The court then released defendant from custody on the conditions that he (1) "[a]ppear in court to answer the charge and thereafter as ordered by the Court until discharged or final order of the court"; (2) "[c]omply with the orders and process of the Court and Court personnel"; (3) "[n]ot violate any criminal statute of any jurisdiction"; (4) "[c]omply with all orders of protection, stalking no contact orders, and/or civil no contact orders"; and (5) "[f]ile written notice with the clerk of the court of any change of address" within 24 hours of such change." The box next to the preprinted statement, "The Defendant has been admonished of the right to appeal pursuant to Supreme Court Rule 605(d)," was not checked. See Ill. S. Ct. R. 605(d) (eff. Sept. 18, 2023). The record does not contain a report of proceedings for November 8, 2023.

¶ 9 Defendant failed to appear in court on November 21, 2023, and Judge Brenner issued a warrant for defendant's arrest. Defendant was arrested on that warrant on November 24, 2023, at which time he allegedly possessed suspected methamphetamine.

¶ 10    On November 27, 2023, the State filed a petition for sanctions in all three of defendant's 2020 cases pursuant to sections 110-6(d) through (f) of the Code (725 ILCS 5/110-6(d)-(f) (West 2022)). The State alleged defendant violated the conditions of pretrial release by not appearing in court on November 21, 2023. On November 27, 2023, Judge Zachary Boren denied the State's petition for sanctions, reasoning that the State failed to present evidence regarding defendant's "access to financial monetary resources." The order continues: "Def. shall be released today. All prior conditions of pretrial release continue to apply." The matter was continued to December 12, 2023, for status regarding the State's petition to revoke probation.

¶ 11    According to publicly available information on the website "judici.com," on November 29, 2023, defendant was charged by information in Adams County case No. 23-CF-711 with two counts of failing to register as a violent offender against youth (730 ILCS 154/10(a) (West 2022)), Class 3 felonies. The date of both alleged offenses was October 17, 2023. Per the same website, on December 5, 2023, defendant was charged by information with a Class 3 felony in Adams County case No. 23-CF-720 for possessing less than five grams of methamphetamine on November 24, 2023 (720 ILCS 646/60(b)(1) (West 2022)). We note that the information on this website is consistent with the State's allegations in its amended petition to revoke probation in case Nos. 20-CF-123, 20-CF-625, and 20-CM-244, which the State filed on December 20, 2023, and which is included in the record on appeal. We take judicial notice of this information. See *People v. Grau*, 263 Ill. App. 3d 874, 876 (1994) ("Generally, courts may take judicial notice of public documents which are included in the records of other courts and administrative tribunals.").

¶ 12    On December 6, 2023, the State filed a "petition to revoke or modify pretrial release conditions" in case Nos. 20-CF-123, 20-CF-625, and 20-CM-244 pursuant to section 110-6 of the Code (725 ILCS 5/110-6 (West 2022)). The State alleged that "Defendant was granted pretrial

release for a felony or class A misdemeanor and the Defendant is now charged with a felony or class A misdemeanor that is alleged to have occurred during the Defendant's pretrial release." Judge Brenner ordered defendant to be held in custody pending a hearing on this petition the next day.

¶ 13 On December 7, 2023, defendant refused to be transported to court for the hearing before Judge Brenner. Defendant's counsel indicated he did not object to proceeding in defendant's absence. The prosecutor conceded defendant was ineligible to be detained in case Nos. 23-CF-711 and 23-CF-720. However, the prosecutor argued that defendant was eligible for detention in case Nos. 20-CF-123, 20-CF-625, and 20-CM-244 pending the hearing on the petition to revoke probation, as he was on pretrial release in those cases when he committed the felonies charged in case Nos. 23-CF-711 and 23-CF-720. The prosecutor acknowledged that "the law isn't necessarily clear" regarding whether a trial court may "revoke pre-trial release on a petition to revoke" probation. Defense counsel argued, without elaboration, that "the statute doesn't allow for pre-trial release on petitions to revoke situations."

¶ 14 The trial court found that "defendant was granted pre-trial release or [*sic*] a felony or Class A misdemeanor in 20-CF-625, 20-CF-123, [and] 20-CM-244, and the defendant is now charged with felony or Class A misdemeanors in 23-CF-67 [*sic*] and 23-CF-711 that were alleged to have occurred during the defendant's pre-trial release." The court further found that "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." Accordingly, the court revoked defendant's pretrial release in case Nos. 20-CF-123, 20-CF-625, and 20-CM-244 pending adjudication of the petition to revoke probation in those cases.

¶ 15        On December 11, 2023, defendant filed a notice of appeal from the December 7, 2023, order revoking his pretrial release in his three 2020 cases. With respect to the grounds for relief, defendant checked the box "Other" and wrote:

> "The court posed [*sic*] pretrial release conditions upon the Defendant in petition to revoke proceedings in the above-referenced causes. The Court subsequent thereto revoked the Defendant's pretrial release and is holding the Defendant in custody. That the statute as written does not allow for the Court to impose pretrial conditions upon someone already on probation in petition to revoke proceedings, and further, the statute does not provide for revocation of the same."

On our own motion, we consolidated defendant's three appeals.

¶ 16        On December 20, 2023, the State filed an amended petition to revoke probation in defendant's three 2020 cases. The State added allegations that defendant violated the conditions of probation by failing to register as a violent offender against youth on October 17, 2023, and by possessing methamphetamine on November 24, 2023.

¶ 17                        II. ANALYSIS

¶ 18        The Office of the State Appellate Defender filed a memorandum on defendant's behalf, arguing there is no statutory authority to detain him pending the hearing on the State's petition to revoke probation. The State responds that defendant was subject to detention under section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)).

¶ 19        The parties' dispute requires us to interpret two different statutes. "We review issues of statutory construction *de novo*." *People v. Jones*, 2023 IL App (4th) 230837, ¶ 13. "Our objective when interpreting a statute is to ascertain and effectuate the legislature's intent." *People v. Minssen*, 2024 IL App (4th) 231198, ¶ 17. "[T]he most reliable indication of legislative intent

is the plain and ordinary meaning of the statute's language," and "we view the statute in its entirety." *Minssen*, 2024 IL App (4th) 231198, ¶ 17.

¶ 20 Section 5-6-4(a) of the Unified Code of Corrections (730 ILCS 5/5-6-4(a) (West 2022)) provides, in relevant portion, that personal service of a petition to revoke probation "shall toll the period of probation *** until the final determination of the charge" and the term of probation "shall not run until the hearing and disposition of the petition." Section 5-6-4(b) (730 ILCS 5/5-6-4(b) (West 2022)) states that "[t]he court shall conduct a hearing of the alleged violation." The statute continues, in relevant portion:

> "The court shall admit the offender to pretrial release pending the hearing unless the alleged violation is itself a criminal offense in which case the offender shall be admitted to pretrial release on such terms as are provided in the [Code], as amended." 730 ILCS 5/5-6-4(b) (West 2022).

¶ 21 Based on the plain language of section 5-6-4(b) of the Unified Code of Corrections, the legislature clearly intended for different results depending on whether a petition to revoke probation alleges the commission of a new criminal offense. See *Minssen*, 2024 IL App (4th) 231198, ¶ 21 (noting that the legislature intends different results where it uses certain language in one instance and different language in another). Specifically, if a petition to revoke probation does not allege a violation that constitutes a criminal offense, the defendant is entitled to be released from custody pending the hearing on the petition. See *People v. Wilcoxson*, 2024 IL App (4th) 231373-U, ¶ 28 (explaining that, where a petition to revoke the defendant's probation did not allege a new criminal offense, "the provision in section 5-6-4(b) that states pretrial release shall be 'on such terms as are provided in the Code' was not applicable" and the defendant instead was "entitled to 'pretrial release pending the hearing' on his violations" (quoting 730 ILCS 5/5-6-4(b)

(West 2022))). By contrast, if a petition to revoke probation alleges a violation that constitutes a criminal offense, pretrial release pending the revocation hearing is governed by article 110 of the Code (725 ILCS 5/art. 110 (West 2022)). See *People v. Singleton*, 2024 IL App (4th) 231104-U, ¶ 19 (determining that a defendant who faced revocation of conditional discharge based on committing a new criminal offense was "entitled to pretrial release on such terms as are provided in article 110 of the Code"). Pursuant to article 110 of the Code, a person may be detained if the new offense meets the criteria specified in section 110-6.1 (725 ILCS 5/110-6.1 (West 2022)). See 725 ILCS 5/110-2(a) (West 2022) (providing that "[p]retrial release may be denied only if a person is charged with an offense listed in Section 110-6.1 and after the court has held a hearing under Section 110-6.1"); *Wilcoxson*, 2024 IL App (4th) 231373-U, ¶ 27 ("Under the plain language of section 5-6-4(b), a defendant alleged to have violated his or her probation by committing a criminal offense may be subject to detention under article 110 of the Code."). Otherwise, the trial court must release the person from custody on personal recognizance with standard conditions (725 ILCS 5/110-2(a) (West 2022)) or with additional conditions that the State proves are "the least restrictive conditions or combination of conditions necessary to reasonably ensure the appearance of the defendant as required or the safety of any other person or persons or the community" (725 ILCS 5/110-2(b), 110-5(c) (West 2022)). See *People v. Basurto*, 2024 IL App (2d) 230512, ¶ 21 ("Because defendant here was charged with a probation violation and because the alleged violation was not a detainable offense, defendant was entitled to pretrial release as contemplated in article 110 of the [Code] pending his hearing on the State's petition to revoke his probation.").

¶ 22 Here, the State's November 8, 2023, petition to revoke probation *did not* allege that defendant committed a new criminal offense. Thus, defendant was entitled to pretrial release pending the hearing on this petition, and his release was not governed by article 110 of the Code.

Despite the clear statutory language, on November 8, 2023, a judge released defendant from custody with conditions imposed pursuant to section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)). The judge evidently did this without defendant being represented by counsel at this court appearance and without informing defendant of his appeal rights. See Ill. S. Ct. R. 604(h)(1)(i) (eff. Dec. 7, 2023) (allowing a defendant to appeal an order entered pursuant to section 110-5 of the Code imposing conditions of pretrial release).

¶ 23        On November 24, 2023, while defendant was on pretrial release pursuant to section 5-6-4(b) of the Unified Code of Corrections pending the hearing on the State's petition to revoke probation in case Nos. 20-CF-123, 20-CF-625, and 20-CM-244, defendant allegedly committed a Class 3 felony by possessing methamphetamine. The question arises whether defendant's alleged commission of this offense while on pretrial release made him eligible for detention under section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)) pending the adjudication of the petition to revoke probation in his 2020 cases. That statute provides, in relevant portion:

> "When a defendant has previously been granted pretrial release *under this Section* for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State." (Emphasis added.) 725 ILCS 5/110-6(a) (West 2022).

We must construe statutes to avoid rendering any words meaningless or superfluous. *People v. Lane*, 2023 IL 128269, ¶ 11. Where a person is statutorily entitled to pretrial release independent of any provision of the Code (*i.e.*, the person faces a petition to revoke probation that does not allege the commission of a new criminal offense), that person cannot be deemed to be on pretrial

release "under this Section" within the meaning of section 110-6(a) of the Code. A contrary interpretation would render the words "under this Section" meaningless and superfluous. Thus, we determine that section 110-6(a) of the Code does not apply to defendant's charge of possession of methamphetamine on November 24, 2023.

¶ 24 Defendant also allegedly committed two Class 3 felonies on October 17, 2023, by failing to register as a violent offender against youth. However, the State did not file a petition to revoke defendant's probation until November 8, 2023. On October 17, 2023, defendant was serving a term of probation pursuant to a guilty plea; he was not on pretrial release at all, let alone on pretrial release "under this Section" within the meaning of section 110-6(a) of the Code. Accordingly, defendant's alleged failure to register as a violent offender against youth did not make him eligible for detention pursuant to section 110-6(a) of the Code pending the adjudication of the petition to revoke probation in his 2020 cases.

¶ 25 In its memorandum, the State proposes it would be an absurd result to allow "individuals who have violated conditions of their sentence to remain on pretrial release until a hearing on a petition to revoke their sentence is held, thereby increasing the risk that they will fail to appear at future hearings and commit new offenses." According to the State, "[t]his would further endanger the public and undermine the sentencing conditions imposed by the trial court upon defendants who have been found guilty of criminal offenses." This argument is a policy issue that must be directed to the legislature rather than the courts. See *Rowe*, 2023 IL 129248, ¶ 19 (recognizing that courts must not consider either the wisdom of legislation or whether the policy underlying the legislation offends the welfare of the public).

¶ 26 For these reasons, we hold there was no statutory authority to detain defendant pending the hearing on the State's November 8, 2023, petition to revoke probation in his 2020

cases. Accordingly, we vacate the December 7, 2023, order revoking defendant's pretrial release. We recognize that, after defendant filed his notice of appeal, the State filed an amended petition to revoke probation on December 20, 2023. Unlike the State's original petition, this amended petition alleged defendant violated the terms of his probation by committing criminal offenses. Thus, per statute, defendant "shall be admitted to pretrial release on such terms as are provided in the Code" pending the hearing on this amended petition. 730 ILCS 5/5-6-4(b) (West 2022). We remand with directions for the trial court to enter an order in case Nos. 20-CF-123, 20-CF-625, and 20-CM-244 admitting defendant to pretrial release on such terms as are provided in the Code pending the hearing on the State's amended petition to revoke probation. As explained above (see *supra* ¶ 21), this means that defendant may be detained pending the adjudication of the State's amended petition only if detention is warranted under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)); otherwise the court must release defendant from custody with authorized conditions pending the adjudication of the amended petition.

¶ 27                                    III. CONCLUSION

¶ 28         For the reasons stated, we vacate the trial court's judgment and remand with directions.

¶ 29         Vacated and remanded with directions.

*People v. Dyer*, 2024 IL App (4th) 231524

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Adams County, Nos. 20-CF-123, 20-CM-244, 20-CF-625; the Hon. Tad Brenner, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Manuela Hernandez, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |