2024 IL App (3d) 230782

Opinion filed April 17, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| | ) ) | Appeal Nos. 3-23-0782, 3-23-0783, and 3-23-0784 |
| v. | ) ) | Circuit Nos. 21-CF-1043, 23-CF-147, and 23-CF-1436 |
| | ) | |
| PARNELL L. SAMUELS, JR., | ) ) | The Honorable Vincent F. Cornelius, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE PETERSON delivered the judgment of the court, with opinion.
Justice Hettel concurred in the judgment and opinion.
Presiding Justice McDade concurred in part and dissented in part, with opinion.

¶ 1 The defendant, Parnell L. Samuels, Jr., was charged in one case with violating the conditions of his probation and in two other cases with multiple criminal felony offenses. The circuit court granted the State's three petitions to deny pretrial release, and defendant appealed. On appeal, defendant argues that he was not eligible for detention in the probation-violation case because he had already pled guilty and had been sentenced to probation, and, in two cases, that the State failed to prove that he committed a qualifying offense. We affirm.

## I. BACKGROUND

¶ 3      This appeal stems from three cases in which defendant was denied pretrial release. In Will County Circuit Court case No. 21-CF-1043 (Case 1), defendant was indicted on August 5, 2021, with being an armed habitual criminal (720 ILCS 5/24-1.7(a)(3), (b) (West 2020)); two counts of unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(A), (d)(i) (West 2020)); unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a), (e) (West 2020)); and unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 2020)). Defendant pled guilty to unlawful possession of a controlled substance and aggravated unlawful use of a weapon. The circuit court sentenced defendant to two years of probation.

¶ 4      While on probation, defendant was indicted on February 9, 2023, with two counts of delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2022)) in Will County Circuit Court case No. 23-CF-147 (Case 2). On August 10, 2023, he was then indicted in Will County Circuit Court case No. 23-CF-1436 (Case 3) with being an armed habitual criminal (720 ILCS 5/24-1.7(a)(3), (b) (West 2022)).

¶ 5      On September 23, 2023, defendant filed a motion seeking pretrial release in all three cases. In response, the State filed verified petitions to deny pretrial release. In all three cases, the State alleged defendant had a high likelihood of willful flight to avoid prosecution and was charged with a felony offense other than a Class 4 under section 110-6.1(a)(8) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a)(8) (West 2022)). In Case 2 and Case 3, the State additionally alleged that defendant was charged with a non-probationable felony offense other than a forcible felony, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1) (*id.* § 110-6.1(a)(1)).

¶ 6        The factual basis for Case 1 stated that defendant was on probation, a condition of which was to not possess a firearm or commit a criminal offense. While on probation, defendant was charged with criminal offenses. For Case 2, the factual basis indicated that defendant sold an undercover officer 1.5 grams and 3.5 grams of crack cocaine. The factual basis for Case 3 indicated that officers executed a traffic stop on a vehicle. Defendant was a passenger in the vehicle and attempted to flee the scene. He had two outstanding warrants at the time. Defendant was carrying a satchel containing a loaded 9-millimeter handgun. In all three cases, the State also noted that defendant's criminal history included convictions for delivery of a controlled substance, money laundering, theft, possession of a defaced firearm, and retail theft. A pretrial risk assessment indicated that defendant was a high risk.

¶ 7        The circuit court held a hearing on all three cases on December 4, 2023. The State presented the factual basis for all three cases and Samuels's criminal history, including that he had previously committed the offense of delivery of a controlled substance in 2017. It also noted that the charged offenses were not probationable. As to Case 1, the State explained that its petition in that case was based on a pending petition to revoke probation, which alleged defendant failed to comply with the conditions of probation by committing a new criminal offense, which was the offense charged in Case 3. Defense counsel argued, among other things, that there were conditions that could be put in place to ensure defendant's appearance in court and to protect the community. The court granted the State's petition in all three cases, finding the State met its burden by clear and convincing evidence. As to all three cases, the court found defendant to be dangerous. Defendant filed his notices of appeal from the court's oral rulings. The court's written orders were filed on January 4, 2024, but the court wrote that they were issued *nunc pro tunc* to December 4, 2023. The written order for Case 1 indicated that the court found that defendant was a flight risk.

3

¶ 8                                    II. ANALYSIS

¶ 9        On appeal, defendant contends that (1) he was not eligible for detention in Case 1 because he had already pled guilty and had been sentenced to probation, (2) the State did not prove that he committed a qualifying offense in Case 1, and (3) he was not charged with a qualifying offense in Case 2.

¶ 10       At the outset, we note that we have jurisdiction to consider this appeal, despite the fact that defendant's notice of appeal was filed before the court filed its written order. Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023) does not require a written order as a prerequisite to appeal. The court issued its oral ruling before defendant appealed. Moreover, the court's written orders were filed *nunc pro tunc* to the date of the hearing and are available for us to consider on appeal.

¶ 11       We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19. We review issues of statutory construction *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45.

¶ 12       Every person charged with an offense is eligible for pretrial release, which may be denied only in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting detention. *Id.* The circuit court may deny pretrial release under certain circumstances. *Id.* § 110-6.1(a). In relevant part, to establish that a defendant is not eligible for pretrial release, the State must prove by clear and convincing evidence that "the proof is evident or the presumption great that the defendant has committed an offense listed in subsection (a)." *Id.* § 110-6.1(e)(1).

4

¶ 13    First, defendant argues he was not eligible for detention in Case 1, since he had already pled guilty and was sentenced to probation. Initially, we note that defendant did not raise this issue in the circuit court. Generally, a defendant's argument is forfeited on appeal if it was not raised in the circuit court. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Raising an issue before the circuit court gives the court the opportunity to address the issue. *People v. Jackson*, 391 Ill. App. 3d 11, 37 (2009). Here, the court was not given the opportunity to address defendant's argument, and the defendant has forfeited the issue on appeal. Further, the defendant has failed to request plain error review in his memorandum. See *People v. Hillier*, 237 Ill. 2d 539, 545-46 (2010). Therefore, we find that defendant had forfeited review.

¶ 14    Even if we were to excuse defendant's forfeiture (see *People v. Chapman*, 379 Ill. App. 3d 317, 326 (2007) ("[T]he forfeiture rule is an admonition to the parties and not a jurisdictional limitation on the reviewing court.")), we find that defendant's argument lacks merit. When the State files a petition to revoke probation due to a violation and the court has not held a hearing on the petition, a defendant is entitled to pretrial release "unless the alleged violation is itself a criminal offense in which case the offender shall be admitted to pretrial release on such terms as are provided in the Code ***, as amended." 730 ILCS 5/5-6-4(b) (West 2022). Thus, according to the plain language of section 5-6-4(b), defendant was only entitled to pretrial release as provided in article 110 of the Code (725 ILCS 5/art. 110 (West 2022)). See *People v. Dyer*, 2024 IL App (4th) 231524, ¶ 21 ("[I]f a petition to revoke probation alleges a violation that constitutes a criminal offense, pretrial release pending the revocation hearing is governed by article 110 of the Code (725 ILCS 5/art. 110 (West 2022)). [Citation.] Pursuant to article 110 of the Code, a person may be detained if the new offense meets the criteria specified in section 110-6.1 ***."); *People v. Basurto*, 2024 IL App (2d) 230512, ¶ 14 (finding the plain language of section 5-6-4(b) entitled a

5

defendant to pretrial release as provided in article 110 of the Code where defendant was being held while his petition to revoke probation remained pending); *People v. Wilcoxson*, 2024 IL App (4th) 231373-U, ¶ 27 ("Under the plain language of section 5-6-4(b), a defendant alleged to have violated his or her probation by committing a criminal offense may be subject to detention under article 110 of the Code."); *People v. Singleton*, 2024 IL App (4th) 231104-U, ¶ 19 (stating "according to the plain language of [section 5-6-4(b)], because defendant was accused of violating the terms of his conditional discharge by committing a criminal offense, he was entitled to pretrial release on such terms as are provided in article 110 of the Code"). Although article 110 presumes all persons are eligible for pretrial release (725 ILCS 5/110-2 (West 2022)), it allows detention, upon the State's petition, for those charged with detainable offenses (see *id.* § 11-6.1(a)).

¶ 15    The dissent would conclude that the language of section 5-6-4(b) quoted above compels a finding that defendant was not detainable in Case 1. However, the dissent's interpretation of section 5-6-4(b) ignores the remainder of the paragraph, which states,

> "[i]n any case where an offender *remains incarcerated* only as a result of his alleged violation of the court's earlier order of probation, *** such hearing shall be held within 14 days of the onset of said incarceration, unless the alleged violation is the commission of another offense by the offender during the period of probation, *** in which case such hearing shall be held within the time limits described in Section 103-5 of the Code [(725 ILCS 5/103-5 (West 2022)) (speedy trial provisions)], as amended." (Emphasis added.) 730 ILCS 5/5-6-4(b) (West 2022).

Thus, the legislature clearly contemplated prehearing detention for some probation violations because it set forth timelines for holding a hearing on such violations when the defendant is detained for such violations. Under the clear language of the statute, defendant can be detained in

6

Case 1. Contrary to what the dissent states, "shall" does not mean "shall be released" in this case; it means shall be released or detained subject to the terms of the Code. See *Dyer*, 2024 IL App (4th) 231524, ¶ 21 ("Pursuant to article 110 of the Code, a person may be detained if the new offense meets the criteria specified in section 110-6.1 ***."). Here, the alleged violation of defendant's probation in Case 1 was the criminal offense he is alleged to have committed in Case 3, and thus, defendant may be detained under the terms of the Code. See 725 ILCS 5/110-6.1 (West 2022); *cf. Basurto*, 2024 IL App (2d) 230512, ¶ 21 ("Because defendant here was charged with a probation violation and because the alleged violation *was not* a detainable offense, defendant was entitled to pretrial release as contemplated in article 110 of the Criminal Code pending his hearing on the State's petition to revoke his probation." (Emphasis added.)).

¶ 16     Second, defendant argues that the State did not prove that he committed a qualifying offense in Case 1. Specifically, he argues that the State only proffered facts relating to Cases 2 and 3 and did not discuss any facts relating to the charges in Case 1. However, defendant had already pled guilty in Case 1 and was on probation. Therefore, the charges that defendant had already been convicted of in Case 1 are not the charges that are dispositive, as to whether he committed a qualifying detainable offense. Rather, the dispositive charge to determine if he was eligible for prehearing detention was the criminal charge which formed the basis for the State's petition to revoke, as that was the charge that was in the adjudicatory or prehearing/pretrial stage. Here, that charge was the charge in Case 3, for which defendant admits the State proffered specific articulable facts. Moreover, on appeal, defendant does not present any arguments challenging his detention in Case 3, thereby effectively conceding the charge in that matter was a qualifying detainable offense. Thus, he was properly detained in Case 1. In sum, since defendant committed a qualifying detainable offense in Case 3, and the offense in Case 3 was the basis for the petition to revoke in

Case 1, his argument that the State failed to prove he committed a qualifying detainable offense in Case 1 fails, and he is detainable while the State's petition to revoke probation is pending.

¶ 17 We also hold that defendant properly remains in custody, pursuant to the detention order issued in Case 2. While he argues that the detention order in Case 2 should be vacated because the charges in that case were probationable, his argument is incorrect. In Case 2, defendant was charged with two counts of Class-1-felony delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2022)). In relevant part, section 5-5-3(c)(2)(F) of the Unified Code of Corrections (730 ILCS 5/5-5-3(c)(2)(F) (West 2022)) provides that probation is not available for the following offenses:

> "A Class 1 or greater felony if the offender had been convicted of a Class 1 or greater felony, including any state or federal conviction for an offense that contained, at the time it was committed, the same elements as an offense now (the date of the offense committed after the prior Class 1 or greater felony) classified as a Class 1 or greater felony, within 10 years of the date on which the offender committed the offense for which he or she is being sentenced, except as otherwise provided in Section 40-10 of the Substance Use Disorder Act [(20 ILCS 301/40-10 (West 2022))]."

At the hearing, the State proffered that Samuels had been convicted of the same offense, delivery of a controlled substance, in 2017. This information was also included in his criminal history as listed in the pretrial risk assessment. Accordingly, the two offenses with which defendant was charged in Case 2 were not probationable.

¶ 18 Last, despite filing a notice of appeal as to Case 3, defendant has failed to present any argument in his memorandum challenging his detention in Case 3. Therefore, defendant has forfeited any challenge to his detention in Case 3, and we necessarily affirm the detention order in

that matter. See *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶ 42 (stating "if a memorandum is filed, it will be the controlling document for issues or claims on appeal and we will not reference the notice of appeal to seek out further arguments not raised in the memorandum").

¶ 19                                    III. CONCLUSION

¶ 20        The judgment of the circuit court of Will County is affirmed.

¶ 21        Affirmed.

¶ 22        PRESIDING JUSTICE McDADE, concurring in part and dissenting in part:

¶ 23        I concur with the majority's decisions affirming the circuit court's detention orders in Cases 2 and 3. However, I dissent from the majority's holding that affirms the detention order entered in Case 1.

¶ 24        Case 1 involves a petition to revoke Samuels's probation to which he was sentenced after pleading guilty to two criminal charges. A probation-revocation hearing is a civil proceeding and not a criminal proceeding. *People v. Lindsey*, 199 Ill. 2d 460, 467 (2002). Thus, "accusing someone of violating a condition of probation is not the equivalent of accusing him of committing a criminal act." *People v. Goleash*, 311 Ill. App. 3d 949, 956 (2000). There are no criminal charges brought by or adjudicated as a result of a probation-revocation petition. See, *e.g.*, 730 ILCS 5/5-6-4(a) (West 2022) (discussing a circuit court's options "when a petition is filed *charging a violation of a condition*" and mentioning "the final determination of the *charge*" (emphases added)). The only issues to be decided are whether a defendant has violated the conditions of his or her probation and, if so, what the defendant's new sentence will be on the original conviction. See *Goleash*, 311 Ill. App. 3d at 956.

9

¶ 25 The key issue in this appeal regarding Case 1 involves the intersection of probation revocation and pretrial release, which is governed by section 5-6-4(b) of the Unified Code of Corrections (730 ILCS 5/5-6-4(b) (West 2022)). Pretrial release replaced cash bail in Illinois. The bail system, as well as the phrase "admit to bail," existed in Illinois for over 200 years. 1819 Ill. Laws 193 (§ 17) (referencing, in section 17, the judicial "power to admit to bail"). There is no question what that standalone phrase means—*i.e.*, absent some qualifying phrase, it is completely illogical to describe someone as having been "admitted to bail" if the decision regarding whether that person is *eligible* for bail has not yet been decided.

¶ 26 When the legislature eliminated cash bail in 2023 and replaced it with pretrial release (see Pub. Act 101-652 (eff. Jan. 1, 2023)), the phrase became "admit to pretrial release" and did not change meaning. The phrase is even clearer when "shall" is added—"shall be admitted to pretrial release" means that a person must be released, absent some qualifying phrase.

¶ 27 The majority believes that just such a qualifying phrase exists in section 5-6-4(b). *Supra* ¶ 15. Section 5-6-4(b) provides that when the State files a petition to revoke a defendant's probation, the circuit court is required to hold a hearing on the matter. 730 ILCS 5/5-6-4(b) (West 2022). Additionally, section 5-6-4(b) states: "The court shall admit the offender to pretrial release pending the hearing unless the alleged violation is itself a criminal offense in which case the offender *shall be admitted to pretrial release on such terms as are provided in the Code of Criminal Procedure of 1963, as amended*." (Emphasis added.) *Id.* Despite the fact that our supreme court has stated that the legislature's use of the word "shall" is "a clear expression of legislative intent to impose a mandatory obligation" (*People v. O'Brien*, 197 Ill. 2d 88, 93 (2001)), the majority has interpreted section 5-6-4(b) as meaning that an offender who has been accused of violating his or her probation by committing a criminal offense may be denied pretrial release

10

pursuant to article 110 of the Code. For the following reasons, I disagree with the interpretation that "on such terms as are provided in the Code of Criminal Procedure of 1963, as amended" makes an offender's pretrial release discretionary in a probation-revocation case.[1]

¶ 28        Section 5-6-4(b) does not state that a defendant is merely *eligible* for pretrial release before the revocation hearing, like the language the legislature chose to use in three other statutes. First, in section 110-2(a) of the Code, the legislature chose the language "[a]ll persons charged with an offense shall be *eligible* for pretrial release before conviction" (emphasis added) (725 ILCS 5/110-2(a) (West 2022)). Second, in section 10-125 of the Code of Civil Procedure, the legislature stated, in relevant part, "admit the party to pretrial release *if the case is eligible for pretrial release.*" (Emphasis added.) 735 ILCS 5/10-125 (West 2022). Third, in section 10-127 of the Code of Civil Procedure, the legislature stated, in relevant part,

> "the court shall *** have power only to admit such prisoner to pretrial release *where the offense is eligible for pretrial release by law, or remand him or her to prison where the offense is not eligible for pretrial release, or being eligible for pretrial release, where such prisoner fails to comply with the terms of pretrial release.*" (Emphasis added.) 735 ILCS 5/10-127 (West 2022).

These provisions demonstrate that the legislature knew how to clearly state when pretrial release is mandatory and when it is discretionary.

¶ 29        Perhaps the best example of the distinction between mandated pretrial release and mere eligibility for pretrial release exists in the amendment made by the legislature to section 109-2 of

---

[1]Additionally, to the extent that the Fourth District has held in cases such as *Dyer* that pretrial release under section 5-6-4(b) is discretionary, I submit that the Fourth District's interpretation of that section is incorrect.

the Code (725 ILCS 5/109-2(a) (West 2022)). Prior to the elimination of cash bail in 2023, section 109-2(a) provided:

"Any person arrested in a county other than the one in which a warrant for his arrest was issued shall be taken without unnecessary delay before the nearest and most accessible judge in the county where the arrest was made or, if no additional delay is created, before the nearest and most accessible judge in the county from which the warrant was issued. *He shall be admitted to bail in the amount specified in the warrant or, for offenses other than felonies, in an amount as set by the judge, and such bail shall be conditioned on his appearing in the court issuing the warrant on a certain date.* The judge may hold a hearing to determine if the defendant is the same person as named in the warrant." (Emphasis added.) 725 ILCS 5/109-2 (West 2020).

¶ 30 When it comprehensively amended all statutes involving cash bail in 2023 and replaced that system with pretrial release, the legislature struck the above-emphasized sentence from section 109-2(a) and replaced it with the following sentence: "Upon arrival in the county in which the warrant was issued, the status of the arrested person's release shall be determined by the release revocation process described in Section 110-6." Pub. Act 101-652 (eff. Jan. 1, 2023) (amending 725 ILCS 5/109-2(a)). Then, to address the situation in which the individual was arrested for committing a felony, the legislature added a new subsection (c):

"If a defendant is charged with a felony offense, but has a warrant in another county, the defendant shall be taken to the county that issued the warrant within 72 hours of the completion of condition or detention hearing, so that release or detention status can be resolved. This provision shall not apply to warrants issued outside of Illinois." *Id.* (adding 725 ILCS 5/109-2(c)).

12

Thus, the legislature amended section 109-2 by removing mandatory bail and replacing it with discretionary pretrial release. Section 109-2, as amended, therefore demonstrates that the legislature knew how to make pretrial release either mandatory or discretionary.

¶ 31 I strongly disagree with the majority that the legislature's use in section 5-6-4(b) of "shall be admitted to pretrial release on such terms as are provided in the Code of Criminal Procedure of 1963, as amended" is a grant of discretion to deny pretrial release. If the legislature intended amended section 5-6-4(b) to mean, as the majority suggests, that a defendant could be denied pretrial release under that section, it would have used a clear phrase like it used in sections 110-2(a) or 109-2 of the Code, or sections 10-125 or 10-127 of the Code of Civil Procedure. Notably, *none* of those sections used the phrase "shall be admitted to pretrial release" or some variant thereof before they conferred discretion to deny pretrial release. In other words, every indication is that in section 5-6-4(b), " 'shall' means shall" (*People v. Robinson*, 217 Ill. 2d 43, 51 (2005)).

¶ 32 I submit that the only reasonable interpretation of "shall be admitted to pretrial release on such terms as are provided in the Code of Criminal Procedure of 1963, as amended" in section 5-6-4(b) is that pretrial release is *mandatory* but subject to relevant conditions that can be imposed by the circuit court. Article 110 of the Code contains (1) provisions related to conditions that can be imposed on a defendant's pretrial release, which are tailored to the defendant's specific circumstances as necessary (725 ILCS 5/110-10 (West 2022)) and (2) guidelines for the circuit court when considering what conditions will apply to a defendant's pretrial release (*id.* § 110-5). It is those provisions that provide the only logical application article 110 can have to section 5-6-4(b). Because pretrial release is *mandated* by section 5-6-4(b), the provisions in article 110 related to the *denial* of pretrial release logically cannot apply.

¶ 33    The majority accuses me of ignoring the last sentence of section 5-6-4(b). *Supra* ¶ 16. I have not ignored that sentence; it simply does not impact the analysis of this issue. The *Basurto* court has already addressed that sentence and determined it does nothing except set timelines within which a probation-revocation hearing must be held:

> "The State points to the last sentence of section 5-6-4(b) as grounds for denying defendant pretrial release based on the petition to revoke. It reads:
>
> > 'In any case where an offender remains incarcerated only as a result of his alleged violation of the court's earlier order of probation, *** such hearing shall be held within 14 days of the onset of said incarceration, unless the alleged violation is the commission of another offense by the offender during the period of probation, *** in which case such hearing shall be held within the time limits described in Section 103-5 of the [Criminal Code], as amended.' *Id.*
>
> The State argues that this provision of the statute can be read separately from the directive that a defendant be admitted to pretrial release as contemplated in the Criminal Code such that 'a new substantial offense' allows the trial court to 'detain the defendant at the court's discretion on the [petition to revoke].' But this construction would read into the statute language that is not present and read out of it entirely the immediately preceding sentence: 'The court shall admit the offender to pretrial release pending the hearing unless the alleged violation is itself a criminal offense in which case the offender shall be admitted to pretrial release' under the Criminal Code. *Id.* This provision simply mandates the time for hearing on the petition to revoke." *Basurto*, 2024 IL App (2d) 230512, ¶¶ 17-18.

The majority's position on the last sentence of section 5-6-4(b) is identical to the State's position in *Basurto*. I agree with the *Basurto* court's interpretation of section 5-6-4(b)'s last sentence and

14

submit that the majority is incorrect when it claims that sentence shows the legislature contemplated pretrial detention as a possibility under section 5-6-4(b). In that regard, the majority fails to recognize that an individual who "remains incarcerated" (730 ILCS 5-6-4(b) (West 2022)) only on an alleged violation of probation conditions refers to someone who was arrested for that violation pursuant to section 5-6-4(a)(3) (*id.* § 5-6-4(a)(3)), not someone who was denied pretrial release. The mere establishment of strict timelines within which a probation-revocation hearing must be held does not in any way show that pretrial release can be denied under section 5-6-4(b).

¶ 34 I contend that the only thing that has been ignored in this case is the fact that the legislature clearly knew how to amend the statutory scheme to make pretrial release mandatory or discretionary. The language chosen by the legislature in section 5-6-4(b) cannot reasonably be construed as introducing discretion into the pretrial release process under that section.

¶ 35 A violation of a condition of probation, which is the only "charge" at issue in a probation-revocation case, is not a detainable offense for purposes of pretrial release. 725 ILCS 5/110-6.1(a) (West 2022). If the State wishes to seek detention for an individual accused of violating his or her probation by committing a criminal offense, the State must charge the individual and seek detention in that separate case. Whether this is an ideal, or even efficient, process is immaterial. *Basurto*, 2024 IL App (2d) 230512, ¶ 21 (noting that the wisdom of legislation is not the judiciary's concern). The language chosen by the legislature in section 5-6-4(b) simply does not allow for detention in a probation-revocation case, regardless of whether the alleged violation of a probation condition was the commission of a criminal offense.

¶ 36 For the foregoing reasons, I would hold that under section 5-6-4(b), detention was not an option for Samuels in Case 1 and the circuit court's detention order in that case should be vacated. See *Basurto*, 2024 IL App (2d) 230512, ¶ 14; see also *Singleton*, 2024 IL App (4th) 231104-U,

15

¶ 19 (holding that "according to the plain language of the statute, because defendant was accused of violating the terms of his conditional discharge by committing a criminal offense, he was entitled to pretrial release on such terms as are provided in article 110 of the Code"). I otherwise concur with the majority's decision.

*People v. Samuels*, 2024 IL App (3d) 230782

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, Nos. 21-CF-1043, 23-CF-147, 23-CF-1436; the Hon. Vincent F. Cornelius, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Ann B. McLennan, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |