THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TAKSIM NEZIROSKI, Defendant-Appellee.

First District (5th Division)    No. 80-1815

Opinion filed December 18, 1981.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Iris E. Sholder, and Gael McCaughey-O'Brien, Assistant State's Attorneys, of counsel), for the People.

Sheldon Banks, of Chicago (Shelvin Singer, of counsel), for appellee.

JUSTICE MEJDA delivered the opinion of the court:

Defendant Taksim Neziroski was charged with burglary pursuant to section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 19—1). Defendant's fingerprints, taken by police officers incident to defendant's prior unlawful arrest for another crime, were used to connect him with the burglary scene. The circuit court suppressed the fingerprints. The State appeals the order suppressing these fingerprints from evidence. We affirm.

On February 18, 1979, defendant was arrested in connection with a burglary at the Four Seasons restaurant. The arresting officer had been engaged in the investigation of approximately 17 restaurant burglaries and armed robberies which had occurred in north suburban Cook County.

Immediately following his arrest, the defendant was taken into custody, photographed and fingerprinted. Defendant was subsequently indicted for burglary.

On January 22, 1980, the defendant appeared before the Honorable Alan Lane and moved to quash his arrest and to suppress evidence of identification. The motion to quash the arrest and suppress the evidence was granted upon the ground that no probable cause existed for the arrest.

The fingerprints taken at the time of defendant's arrest were compared, at a time subsequent to the indictment, to latent fingerprints obtained from the scene of another restaurant burglary, the Noble House. These prints matched, and defendant was charged by information with burglary of this restaurant.

On May 21, 1980, defendant appeared before the Honorable Jerome T. Burke and moved that fingerprints and photographs taken at the time of his arrest on February 18, 1979, be suppressed from evidence. Judge Burke reserved ruling on the photographs and granted the motion to suppress the fingerprints on the grounds of Judge Lane's prior ruling and under the exclusionary rule.

The State appeals from the order of May 21, 1980, suppressing the defendant's fingerprints from evidence.

OPINION

In his brief defendant initially challenges this court's jurisdiction to

consider this appeal. Defendant argues that the State has failed to perfect this appeal in that (1) notice of appeal was not timely filed, and (2) the prosecutor failed to certify to the trial court that the suppression substantially impaired the State's ability to prosecute the case as required by *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501. The State has filed no reply brief addressing these issues.

Supreme Court Rule 606 requires that notice of appeal in criminal cases must be filed with the clerk of the circuit court within 30 days from the entry of the judgment or order appealed from. (73 Ill. 2d R. 606.) In the instant case defendant's motion to suppress the fingerprint evidence was granted and the order of suppression entered on May 21, 1980. The State filed its notice of appeal of this order on June 13, 1980. Accordingly, the State's appeal in this case was timely filed.

Supreme Court Rule 604(a)(1) governs when the State may prosecute interlocutory appeals in criminal cases. (73 Ill. 2d R. 604(a)(1).) In *Young*, our supreme court held that this rule requires that in order for the State to perfect an interlocutory appeal of a pretrial suppression order, the prosecutor must certify to the trial court that the suppression substantially impairs the State's ability to prosecute the case. The *Young* decision, however, waived this requirement for cases in the appellate process as of October 17, 1980. Since notice of appeal in the instant case was filed prior to that date, the certification requirement is waived. Accordingly, the State has properly perfected this appeal and this court has jurisdiction to review the May 21, 1980, order of suppression. The fact that the State failed to appeal the January 22, 1980, order in another case does not affect the appealability of the suppression order in this case.

We will now consider the State's contention that the trial court erred in suppressing the fingerprint evidence in the case before us. It is the State's position that the fingerprints were obtained in accordance with standard police procedures and not by an exploitation of the earlier illegal arrest, and were therefore admissible as identification in the subsequent arrest. *People v. Pettis* (1973), 12 Ill. App. 3d 123, 298 N.E.2d 372.

The defendant contends, however, that Judge Burke was barred from considering the matter of suppression of the fingerprints because Judge Lane's ruling in the earlier case effectively suppressed them from evidence in "all cases." In effect, defendant raises the doctrine of collateral estoppel as a bar to the relitigation of the order suppressing identification evidence rendered in the first case. The State does not address this argument by way of reply.

The Code of Criminal Procedure provides that if a motion to suppress evidence is granted, "the property shall be restored, unless otherwise subject to lawful detention, and it shall not be admissible in evidence against the movant at any trial." (Ill. Rev. Stat. 1979, ch. 38, par.

114—12(b).) As a general rule, an order suppressing evidence in a criminal proceeding is an appealable order. If it is not appealed, the doctrine of collateral estoppel bars relitigation before another judge in the same or another trial absent a showing of peculiar circumstances or some additional evidence to be presented. See generally *People v. Armstrong* (1973), 56 Ill. 2d 159, 306 N.E.2d 14; *City of Rolling Meadows v. Kohlberg* (1980), 83 Ill. App. 3d 10, 403 N.E.2d 1040; *People v. Mertens* (1979), 77 Ill. App. 3d 791, 396 N.E.2d 595.

We have reviewed the record of the earlier suppression hearing and have concluded that Judge Lane's order suppressing evidence of identification of defendant was broad enough to include the fingerprints obtained pursuant to defendant's unlawful arrest. Since this order effectively suppressed the fingerprint evidence at the earlier hearing, we hold that under the doctrine of collateral estoppel the fingerprints were not admissible against defendant at a subsequent trial on another charge. Further, we note that at the May 21, 1980, hearing, the State presented no additional evidence or peculiar circumstances to attenuate the operation of the collateral estoppel doctrine.

Accordingly, the trial court did not err in granting defendant's motion to suppress the fingerprint evidence from the subsequent trial.

The order of the circuit court of Cook County is affirmed.

Order affirmed.

SULLIVAN, P. J., and WILSON, J., concur.