THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ONE 1984 PONTIAC PARISIENNE SEDAN, VIN 2G2AK69H3E9729554, Defendant (Eric V. Wassilak, Claimant-Appellee).

Second District   No. 2—00—0555

Opinion filed July 18, 2001.

Gary W. Pack, State's Attorney, of Woodstock (James P. Kelly, Assistant State's Attorney, and Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas W. Byrnes, of Law Office of Thomas W. Byrnes, of South Elgin, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The State charged claimant, Eric V. Wassilak, with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1998)). Claimant moved to suppress evidence that he alleged was obtained illegally. The circuit court granted the motion. The day after that ruling, the State filed a petition to forfeit a car claimant allegedly used in the drug offense. Relying on the suppression order, claimant moved *in limine* to bar evidence that the car contained controlled substances. The circuit court granted the motion. After holding a hearing at which the State put on no evidence, the court denied the forfeiture petition. Later, pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137), the circuit court sanctioned the State. The court found that the forfeiture petition was frivolous because the State filed it knowing that the circuit court had just suppressed the evidence that the State would need to prevail in the forfeiture case. The State timely appealed.

On appeal, the State does not contest the denial of its forfeiture petition. However, it argues that the circuit court abused its discretion in sanctioning the State. The State asserts that, when it filed the petition, it had several reasonable grounds to believe that the trial court's suppression order in the criminal case did not make the forfeiture suit frivolous. The State also asserts that the court did not follow Rule 137 and that the trial judge denied the State a fair hearing on the sanctions petition.

We hold that because the mere existence of the suppression order did not make the filing of the forfeiture petition unreasonable, the circuit court abused its discretion in sanctioning the State. We need

not consider whether the trial court misapplied Rule 137 or denied the State a fair hearing. We reverse the sanctions award and otherwise affirm the judgment.

The facts are as follows. On April 26, 1999, a police officer stopped claimant for driving with an obstructed view (625 ILCS 5/12—503(c) (West 1998)), searched claimant and his car, and found illegal drugs. Claimant was charged with unlawful possession of a controlled substance. He moved to suppress the drugs, arguing that the stop of his car was unconstitutional. On July 7, 1999, the trial court granted the motion to suppress.

On July 8, 1999, the State filed a petition alleging that claimant's car was subject to forfeiture under the Drug Asset Forfeiture Procedure Act (Forfeiture Act) (725 ILCS 150/1 *et seq.* (West 1998)) because it had been used in the drug offense. Claimant filed an answer. Relying on the suppression order in the criminal case, claimant also moved *in limine* to bar the State from introducing any items the police found in the car or eliciting any testimony that a controlled substance was found in the car.

On January 31, 2000, after the State appealed the suppression order but before this court decided that appeal, the circuit court held a hearing. The parties first argued the motion *in limine*. Claimant asserted that the State could not introduce illegally obtained evidence at the forfeiture hearing. He reasoned that the court had already decided that the search of the car was illegal and that the State could not relitigate that issue. The State responded in part that it had appealed the suppression order and that the criminal case was still pending in the circuit court.

The trial court granted the motion *in limine*. The judge explained that the State filed the forfeiture petition in order to circumvent his earlier ruling that the search of the car was unconstitutional. Thus, the circuit court had barred the evidence and the State could not use it in this proceeding.

After the State declined to dismiss the suit voluntarily, the case proceeded to a hearing. However, conceding it now had no evidence to present, the State immediately rested. The trial court granted claimant a judgment. Over the State's objection, the court ordered that, pursuant to the Forfeiture Act, the State's Attorney's office would pay claimant's costs and attorney fees.

On March 1, 2000, claimant filed a petition for sanctions. The petition alleged in part that the forfeiture suit was frivolous because the State should have realized that collateral estoppel barred the State from using evidence that the court had suppressed in the criminal case. Claimant conceded that the Forfeiture Act did not empower the

court to assess costs or attorney fees against the State. However, he noted that Rule 137 gave the court such power upon a timely petition, and he asked the court to treat his petition as one for Rule 137 sanctions.

The State responded that, for a variety of reasons, the forfeiture petition was not frivolous even though the order in the criminal case had suppressed the evidence the State needed in the forfeiture case. The State maintained in part that, when it filed the forfeiture petition, the appellate court had yet to decide the State's appeal from the suppression order. The attorneys who filed the petition might reasonably hope that this court would reverse the suppression order and enable the State to introduce the evidence it needed to prevail on the forfeiture petition.

On March 14, 2000, while claimant's petition was pending, this court affirmed the trial court's suppression order in the criminal case. *People v. Wassilak*, No. 2—99—0790 (2000) (unpublished order under Supreme Court Rule 23). One justice stated that the State's appeal was altogether frivolous. *Wassilak*, slip order at 11-13 (McLaren, J., specially concurring).

On April 28, after arguments, the trial court ordered the State to pay claimant $1,500 in attorney fees pursuant to Rule 137. The court explained that the State had acted unreasonably in filing the forfeiture suit because the suppression order in the criminal case had just deprived the State of any evidence it could use to prove the allegations of the forfeiture petition.

On appeal, the State advances several reasons why the trial court erred in imposing sanctions. We need not consider most of the State's arguments. For the reasons that follow, we hold that, under the governing law, the trial court abused its discretion in sanctioning the State for filing the forfeiture petition.

●1 As pertinent here, Rule 137 provides that, by signing a pleading, an attorney certifies that he has read the pleading and "that to the best of his *** belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose." 155 Ill. 2d R. 137. If a pleading violates this rule, the court may sanction the attorney or the attorney's client. 155 Ill. 2d R. 137. Because Rule 137 is penal, courts should construe it strictly. *Belfour v. Schaumburg Auto*, 306 Ill. App. 3d 234, 243 (1999). The party seeking sanctions must prove that his opponent has violated Rule 137. *Edward Yavitz Eye Center, Ltd. v. Allen*, 241 Ill. App. 3d 562, 569 (1993). On appeal, we shall not reverse an award of sanctions unless the court abused its discretion. *Belfour*, 306 Ill. App. 3d at 243.

●2 Given the caution with which courts must apply Rule 137, we conclude that the trial court abused its discretion in sanctioning the State for filing the forfeiture petition. It is true that the State brought the petition the day after the court granted claimant's motion to suppress the evidence in the criminal case. However, this fact by itself did not mean that the State had no reason to believe it might prevail on the forfeiture petition.

When the State filed the petition, the suppression order in *Wassilak* was still on appeal. The State could reasonably hope that we would reverse that order and leave the State free to introduce the evidence it needed to support the forfeiture petition. Eventually, we affirmed the suppression order. However, having examined our decision in *Wassilak*, we do not think that the State's appeal was so clearly doomed that the State should be penalized because it did not assume that an affirmance of the suppression order was inevitable. (Indeed, in explaining why he thought the forfeiture petition should not have been filed, the trial judge conceded, "I don't know what the appellate court is going to do.")

We also believe that the State should not be penalized for refusing to await the outcome of the *Wassilak* appeal before filing the forfeiture petition. Under the Act's time constraints, the State simply did not have that luxury. After receiving a notice of seizure from the seizing agency, the State may wait no more than 45 days before notifying the property's owner of the impending forfeiture. 725 ILCS 150/6(A) (West 1998). After the notice of the impending forfeiture takes effect, a claimant has 45 days to file a verified claim and deposit a cost bond (725 ILCS 150/6(C)(1), (C)(2) (West 1998)). Within 45 days of the receipt of the claim and the cost bond, the State's Attorney must file a forfeiture complaint. 725 ILCS 150/6(C)(2) (West 1998).

Here, the record demonstrates that the State could not have postponed filing the forfeiture petition until this court ruled in *Wassilak*. On June 16, 1999, claimant served the State with a copy of his verified claim. On June 17, 1999, the claim was filed in the circuit court. Thus, if the State wanted to file a petition for forfeiture, it had to do so by the first week of August 1999, less than a month after the trial court entered the suppression order in *Wassilak*. On July 8, 1999, the State faced two choices: file the petition while the suppression order was in effect but still subject to appeal and possible reversal, or abandon the forfeiture action entirely. Because the latter course was not the only reasonable one, we hold the trial court exceeded its discretion in punishing the State for electing the former course.

In concluding otherwise, the trial court apparently relied on what it perceived as the collateral estoppel effect of its suppression order.

The court reasoned that, after it barred the crucial evidence, the State's forfeiture petition could succeed only if the State were allowed to relitigate the findings the trial court had just made at the suppression hearing. Similarly, claimant argues (as he did at the trial level) that, in filing its forfeiture petition, the State inexcusably ignored settled principles of collateral estoppel. We disagree.

Collateral estoppel "bars the relitigation of particular issues decided in another action between the same parties on a different cause of action." *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6, 20 (1992). Three conditions must be met before a court may apply collateral estoppel: (1) the issue decided in the first case must be identical to the one presented in the second case; (2) there must have been a final judgment on the merits in the first case; and (3) the party against whom the estoppel is asserted must have been a party to, or in privity with a party to, the first case. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill. 2d 137, 152 (1994). Here, the suppression order did not have collateral estoppel effect because the second of these conditions was not satisfied.

Under settled Illinois law, a judgment is not final for collateral estoppel purposes until the potential for appellate review has been exhausted. *Ballweg v. City of Springfield*, 114 Ill. 2d 107, 113 (1986). A suppression order is technically interlocutory, but courts will accord it collateral estoppel effect as a "final judgment" *if* the State has forgone or exhausted any appellate review of the order. See *People v. Wiedman*, 168 Ill. App. 3d 199, 206 (1988); *People v. Neziroski*, 102 Ill. App. 3d 720, 723 (1981). However, under *Ballweg*, a suppression order cannot be final for collateral estoppel purposes if it is still subject to appellate review.

Here, when the State filed the forfeiture petition, the potential for appellate review of the suppression order had not been exhausted and would not be exhausted until long after the statutory deadline for filing a petition to forfeit the car that was searched. The forfeiture petition was not barred by collateral estoppel. We believe that the State's decision to proceed with it was not otherwise so ill founded that imposing punitive sanctions was a proper exercise of the trial court's discretion. Therefore, we reverse the sanctions award. As the State does not appeal the denial of its forfeiture petition, we affirm that part of the judgment.

The judgment of the circuit court of McHenry County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

RAPP and BYRNE, JJ., concur.