Nos. 2--03--0751 & 2--03--0752 cons.

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE      ) Appeal from the Circuit Court

OF ILLINOIS,      ) of Kane County.

      )

Plaintiff-Appellant,        )

      )

v.      ) No. 01--CF--3050

      )

MARK POWELL,        ) Honorable

      ) Donald C. Hudson,

Defendant-Appellee.        ) Judge, Presiding.

______________________________________________________________________________

THE PEOPLE OF THE STATE      ) Appeal from the Circuit Court

OF ILLINOIS,      ) of Kane County.

      )

Plaintiff-Appellant,      )

      )

v.      ) No. 02--MR--41

      )

1998 DODGE DURANGO SLT,      )

      )

Defendant            ) Honorable

      ) Donald C. Hudson,

(Mark Powell, Claimant-Appellee).      ) Judge, Presiding.

______________________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

In case No. 01--CF--3050, defendant, Mark Powell, was charged with two counts of indecent solicitation of a child (720 ILCS 5/11--6(a) (West 2000)).  In case No. 02--MR--41, the State filed a complaint for the forfeiture of defendant's 1998 Dodge Durango SLT, alleging that defendant used it in committing the solicitation offenses (720 ILCS 5/36--1 
et seq.
 (West 2000)).  In each case, defendant moved to suppress the evidence, arguing that a suppression order in a related Cook County case had collateral estoppel effect.  The Kane County circuit court granted defendant's motions.  The State appeals in each Kane County case, arguing that collateral estoppel did not apply because the Cook County suppression order was not final.  Because the State cannot appeal the suppression order in the forfeiture case, we dismiss appeal No. 2--03--0752.  However, in the criminal case, we agree with the State's argument.  Thus, in appeal No. 2--03--0751, we vacate and remand with directions.

I. FACTS

On November 1, 2001, defendant was arrested in Kane County for indecent solicitation of a child.  Subsequently, after a search of his Chicago hotel room, defendant was charged in Cook County case No. 01--CR--30066 with multiple counts of child pornography (720 ILCS 5/11--20.1(a) (West 2000)).  In the Cook County case, defendant moved to quash his arrest and suppress the evidence, arguing that his arrest was unlawful.  On October 29, 2002, the Cook County circuit court granted that motion, and the State appealed to the Appellate Court, First District.

While that appeal was pending, defendant moved to suppress the evidence in the Kane County cases, arguing that the Cook County circuit court's determination of the unlawfulness of his arrest had collateral estoppel effect.  On June 25, 2003, the Kane County circuit court agreed, suppressing the evidence in both cases and continuing them to July 18, 2003.  On July 1, 2003, the State appealed in each case.  We consolidated the appeals.

On March 25, 2004, while these appeals were being briefed, the First District resolved the State's appeal in the Cook County case.  The First District determined that defendant's arrest was lawful, reversing the Cook County suppression order and remanding the case.  
People v. Powell
, No. 1--02--3774 (2004) (unpublished order under Supreme Court Rule 23).  On May 18, 2004, defendant petitioned for leave to appeal to the supreme court.  That petition remains pending.

II. No. 2--03--0752

We first address the State's appeal of the suppression order in the forfeiture case.  Defendant asserts that we lack jurisdiction over this appeal, and we agree.

The State first contends that we have jurisdiction under Supreme Court Rule 604(a)(1) (188 Ill. 2d R. 604(a)(1)).  That rule provides that the State may appeal an order suppressing evidence, but only in a criminal case.  188 Ill. 2d R. 604(a)(1).  The State points out that forfeiture proceedings frequently have been described as "criminal in nature."  See, 
e.g.
, 
People v. Mudd
, 54 Ill. App. 3d 603, 606 (1977).  Nevertheless, "a forfeiture action is clearly a civil proceeding."  
People v. Glenn
, 142 Ill. App. 3d 1108, 1110 (1986).  It is not a criminal, 
in personam
 proceeding against an offender; rather, it is "a civil, 
in rem
 proceeding against property that was used in the commission of an offense."  
People v. 1995 Ford Van
, No. 2--03--0458, slip op. at 3 (May 7, 2004).  The distinction is best reflected in the standard of proof; in a forfeiture action, "the State needs to prove its right to the property by a preponderance of the evidence rather than beyond a reasonable doubt."  
1995 Ford Van
, slip op. at 3; see 720 ILCS 5/36--2 (West 2000).   Thus, a forfeiture action clearly is not a criminal case, and the State cannot appeal a suppression order under Rule 604(a)(1).

Alternatively, the State contends that we have jurisdiction under Supreme Court Rule 301 (155 Ill. 2d R. 301), which permits any party to appeal a final judgment in a civil case.  The problem on this point is that a "pretrial ruling on a motion to suppress is not final and may be changed or reversed at any time prior to final judgment."  
People v. Brooks
, 187 Ill. 2d 91, 127 (1999).  Indeed, as the circuit court continued the case after suppressing the evidence, the suppression order obviously did not terminate the proceedings.  Thus, although the State complains that 
"[w]ithout the ability to present any evidence ***, the State could not pursue the forfeiture action," the State cannot appeal the suppression order until a final judgment is entered.

In sum, we lack jurisdiction over appeal No. 2--03--0752, and we dismiss that appeal.

III. No. 2--03--0751

We now address the State's appeal of the suppression order in the criminal case.  Initially, defendant asserts that we lack jurisdiction here as well.  He acknowledges that Rule 604(a)(1) allows the State to appeal a suppression order in a criminal case.  He contends, however, that the Kane County circuit court did not actually suppress the evidence; rather, the court "merely gave effect to a previous suppression" that was entered by the Cook County circuit court.  Defendant concludes that the Kane County circuit court's order was not a suppression but instead an "application of collateral estoppel," which the State cannot appeal under Rule 604(a)(1).  This argument, at best, is disingenuous.

Defendant did not move the Kane County circuit court to "apply collateral estoppel"; he moved the court to "suppress the evidence," and the court did exactly that, on the 
basis
 of collateral estoppel.  In a criminal case, Rule 604(a)(1) permits the State to appeal any order "suppressing evidence" (188 Ill. 2d R. 604(a)(1)); there is no exclusion based upon collateral estoppel.  Thus, we reject defendant's claim that we lack jurisdiction over this appeal.

Next, defendant asserts that the State waived or forfeited its argument that collateral estoppel did not apply because the Cook County suppression order was not final.  The State disputes defendant's assertion, but we deem it irrelevant.  It is well settled that we are not bound by the parties' procedural defaults and need not place them above the goals of obtaining just results and maintaining a sound body of precedent.  
People v. Segoviano
, 189 Ill. 2d 228, 243 (2000).  Because the First District has reversed the Cook County suppression order, the evidence against defendant is presently suppressed in Kane County but not in Cook County.  To remedy such an anomalous situation, we will address the State's argument, regardless whether the State defaulted it.

Collateral estoppel bars the litigation of an issue that was decided in a prior case.  
People v. Tenner
, 206 Ill. 2d 381, 396 (2002).  However, it applies only if, in the prior case, the issue was litigated to a final judgment.  
Tenner
, 206 Ill. 2d at 396.  Defendant contends that the prerequisite of a final judgment should not apply in a criminal case, but we summarily reject that contention; there is no doubt that the prerequisite exists.  See, 
e.g.
, 
Tenner
, 206 Ill. 2d at 396.  The applicability of collateral estoppel is a question of law, and thus our review is 
de novo
.  
In re J'America B.
, 346 Ill. App. 3d 1034, 1041 (2004).

It is well established that "a judgment is not final for collateral estoppel purposes until the potential for appellate review has been exhausted."  
People v. One 1984 Pontiac Parisienne Sedan
, 323 Ill. App. 3d 717, 722 (2001).  When the Kane County circuit court entered its suppression order, the State's appeal of the Cook County suppression order was pending and  not final.  Thus,  the Kane County circuit court erred in giving it effect.  Indeed, now that the First District has reversed it, the Cook County suppression order still has no effect because it is presently pending before the supreme court upon defendant's petition for leave to appeal.  Accordingly, we vacate the Kane County suppression order.

The parties now agree that the proper course is to remand the criminal cause to the Kane County circuit court with directions to stay further proceedings until the potential for appellate review has been exhausted in the Cook County case.  That is precisely what we will do.

IV. CONCLUSION

Appeal No. 2--03--0752 is dismissed.  In appeal No. 2--03--0751, the order of the circuit court of Kane County is vacated, and the cause is remanded with directions.

No. 2--03--0751, Vacated and remanded with directions.

No. 2--03--0752, Appeal dismissed.

GROMETER and CALLUM, JJ., concur.