NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 240524-U

NOS. 4-24-0524, 4-24-0525 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 25, 2024
Carla Bender
4th District Appellate
Court, IL

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARS C. RANDOLPH-LEWIS, Defendant-Appellant. | ) Appeal from the ) Circuit Court of ) Boone County ) Nos. 20CF110 )     21CF201 ) ) Honorable ) C. Robert Tobin III, ) Judge Presiding. |

PRESIDING JUSTICE CAVANAGH delivered the judgment of the court.
Justices Lannerd and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: By granting the State's petition for the denial of pretrial release, the circuit court did not abuse its discretion.

¶ 2    After the Boone County circuit court put him on probation, defendant, Lars C. Randolph-Lewis, allegedly committed a Class 2 felony, aggravated driving under the influence (DUI), in Winnebago County. In the Boone County circuit court, the State then petitioned for the denial of pretrial release, arguing that as long as defendant was unconfined, he would continue to endanger the community by driving while drunk. The Boone County circuit court granted the petition. Defendant appeals. Because we find no abuse of discretion in the denial of pretrial release, we affirm the judgment.

¶ 3                    I. BACKGROUND

¶ 4            A. The Underlying Convictions in Boone County Case Nos. 20-CF-110

and 21-CF-201, for Which Defendant Received Probation

¶ 5        On August 17, 2021, in Boone County case No. 20-CF-110, defendant pleaded guilty to driving while his driver's license was revoked (625 ILCS 5/6-303(a), (d) (West 2020)). The same day, in Boone County case No. 21-CF-201, he pleaded guilty to obstructing justice (720 ILCS 5/31-4(a) (West 2020)), aggravated DUI (625 ILCS 5/11-501(d)(1)(G) (West 2020)), and driving while his driver's license was revoked (*id.* § 6-303(a), (d)).

¶ 6        The charge of aggravated DUI that was the subject of a guilty plea in Boone County case No. 21-CF-201 alleged that on August 8, 2021, defendant "drove a vehicle on a highway of this State, while the defendant was under the influence of alcohol, *** at a time when the defendant's driving privileges had been revoked for a conviction of 625 ILCS 5/11-501" (the DUI statute). In other words, by his guilty plea, he admitted committing DUI while his driver's license was revoked for a previous DUI.

¶ 7        In these two cases, Boone County case Nos. 20-CF-110 and 21-CF-201, the circuit court sentenced defendant to 60 days in jail and 30 months of probation, to be served concurrently.

¶ 8                    B. The Amended Petition to Vacate the Probation in
                         Boone County Case Nos. 20-CF-110 and 21-CF-201

¶ 9        On March 5, 2024, in the Boone County circuit court, the State filed an amended petition to vacate the probation the court had imposed in Boone County case Nos. 20-CF-110 and 21-CF-201. According to the amended petition, defendant had violated two conditions of the probation. One condition was that he refrain from violating any criminal statute. He had failed to comply with that condition, the amended petition alleged, in that

           "1. On or about May 15, 2022, the defendant committed the offenses of
           Aggravated DUI and Driving While Revoked in Cook County, Illinois, as charged

- 2 -

in Cook County case [No.] 22C44034401. The defendant later pled to an amended charge of Resisting a Peace Officer.

2. On or about March 4, 2024, the defendant committed the offenses of Aggravated DUI and Driving While Driver's License is Revoked in Winnebago Count[y], Illinois. (Case number unknown.)"

The other condition that defendant allegedly violated was that of refraining from consuming alcohol.

¶ 10    C. The "Petition to Detain" in Boone County Case Nos. 20-CF-110 and 21-CF-201

¶ 11    On March 5, 2024, in Boone County case Nos. 20-CF-110 and 21-CF-201 (in which the amended petition to revoke probation was pending), the State filed a "Petition to Detain." The petition was pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as recently amended by Public Act 101-652 (eff. Jan. 1, 2023). More specifically, the petition invoked section 110-6.1(a)(1) of the Code (725 ILCS 5/110-6.1(a)(1) (West 2022)) and *People v. Dyer*, 2024 IL App (4th) 231524.

¶ 12    According to the petition, those authorities justified putting defendant in pretrial detention for the following reasons. The State had information, and believed, that while defendant was on probation in these Boone County cases, he was "charged with a Class 2, non-probationable Aggravated [DUI] charge in Winnebago County, Illinois, for events that occurred on March 4, 2024." Attached to the petition as exhibit A was a police report by Rockford Police Officer "K. Robertson." On the strength of this police report, the State asserted that there was "clear and convincing evidence" that on March 4, 2024, in Winnebago County, defendant committed aggravated DUI.

¶ 13        The petition claimed that defendant "pose[d] a real and present danger to the community" in that, even while on probation in Boone County for aggravated DUI, he committed another aggravated DUI on May 15, 2022, in Cook County. For proof, the State had attached to its petition, as exhibit B, a police report by Tony L. Cruz of the Hillside Police Department. In this Cook County (Hillside) case, the petition noted, defendant had "pled to an amended charge of Resisting a Peace Officer," for which he had received probation. On August 4, 2022, however, in this Cook County case,

> "[t]he State filed a petition to vacate probation *** and obtained a warrant for defendant's arrest. As a result, the State moved to vacate the warrant and set a court date on the petition, with notice to issue to the defendant. While pending on the petition to vacate, the defendant is now alleged to have committed the new Aggravated [DUI] charge in Winnebago County, Illinois."

¶ 14        So, according to the "Petition to Detain," defendant had committed DUI four times. The first time was the reason why his driver's license was revoked, as charged in the Boone County case. The second time was the DUI he committed on August 8, 2021, while his driver's license was revoked for DUI, again as charged in the Boone County case. The third time was in Hillside, Cook County, on May 15, 2022. The fourth time was in Rockford, Winnebago County, on March 4, 2024. Because defendant kept on committing DUI, even when on probation for aggravated DUI, the petition concluded that "[n]o condition or set of conditions [could] mitigate the real and present threat to the safety of any person or persons."

¶ 15        1. *Exhibit A of the "Petition to Detain:" The Rockford Police Report*

¶ 16        Rockford Police Officer Robertson wrote that on March 4, 2024, "I was on motorized patrol when my dashcamera's automatic license plate reader hit on a license plate, ***

- 4 -

showing the registration was suspended." Robertson followed the vehicle bearing this license plate, a white Ford Edge, which was swerving in its lane. The passenger side tires of the Ford crossed over the dividing line between the eastbound lanes, and the Ford "continued to travel while strattled [*sic*] over the line between the two lanes." Robertson pulled the Ford over. The driver, defendant, "was slurring his speech." Another police officer, Investigator Hartman, arrived at the scene of the traffic stop. Hartman smelled alcohol on defendant and perceived that defendant had "bloodshot, glassy eyes" and "slurred speech." During "Standardized Field Sobriety Tests," defendant showed "signs of impairment." He "refused a preliminary breath test and certified breath test." Robertson arrested him at Harrison Avenue and Hartman Street in Rockford.

¶ 17        2. *Exhibit B of the "Petition to Detain:" The Hillside Police Report*

¶ 18        Hillside Police Officer Cruz wrote that on May 15, 2022, at about 5:21 a.m., he and two other police officers went to the area of Warren Avenue and Englewood Avenue in response to telephone calls that someone was sleeping in the driver's seat of a Mitsubishi Outlander. Upon arriving, Cruz saw that the Outlander was facing west on Warren Avenue and that although the Outlander was angled toward the curb, it was not pulled over to the side of the road and consequently was blocking the westbound lane of traffic. "The driver seat was open with a sole occupant asleep[,] and his gym shoes were off and [lying] on the street next to the vehicle." An open can of Budweiser was in the center console.

¶ 19        Police officers tried to wake "the driver" by yelling at him, knocking on the window glass, and shining their flashlights at him, but he would not wake up. It was not until Cruz "nudged the driver by the arm" that he awakened.

¶ 20        Cruz asked this man—later identified as defendant—if he knew where he was. Defendant answered, " 'Rockford' " (although he was in Hillside, some 80 miles from Rockford).

Cruz asked him how he had arrived there, and he answered that his sister had brought him. Then defendant changed his story, explaining that "two unidentified people from the car [had] left him and [that he] didn't know where they [had gone] because he was 'asleep.' " Then he said " 'they' [had gone] to the store since the vehicle was broken down to fix it."

¶ 21    Cruz smelled alcohol on defendant's breath. He also observed that defendant had "glassy watery eyes," "his speech was initially slurred," and he "mumbled and [was] trailing off." Defendant failed "field sobriety tests consisting of the horizontal gaze nystagmus, walk and turn, and one legged stand." Cruz arrested him for DUI. As defendant was being brought in handcuffs to the squad car, "he voluntarily stated in summary that 'I got 2 DUIs already.' " Initially, defendant resisted getting into the squad car. At the police station, defendant was obstreperous and uncooperative, and he refused a breath test.

¶ 22    A review of defendant's abstract revealed he had two prior DUIs: one "dated 09/01/2012[,] Case #37612106 in Cook County" and the other dated "08/08/2021[,] Case #201-3 in Boone County." Accordingly, "Felony Review approved 1 count of Aggravated [DUI]— violation for the third or subsequent time."

¶ 23        D. The Hearing on the "Petition to Detain"

¶ 24    On March 8, 2024, the Boone County circuit court held a hearing on the State's "Petition to Detain." In the hearing, the prosecutor argued that even though "one of the prior DUIs was dismissed by Cook County," "there were three prior occasions where the defendant was [DUI]." Consequently, in Winnebago County, he was charged with aggravated DUI, a Class 2, nonprobationable offense that is detainable under section 110-6.1(a)(1). Because defendant continued to drive while drunk even though his driver's license had been revoked, the prosecutor

- 6 -

did not believe that "any set of conditions" "would negate the clear and present danger that the defendant pose[d] to the community."

¶ 25 Defense counsel responded that defendant

"was in PFA court over in Winnebago would have been Wednesday and Thursday I received an e-mail from Attorney Nick Zimmerman saying that he was released and the judge found it was a non-detainable offense. The State had charged it as a Class 2 nonprobationable but was using a dismissed case as one of his priors so the Court has already in Winnebago determined that it is not a detention-eligible offense so we would ask the Court to adopt their findings on that underlying case."

Because defendant was "on probation for a non-detainable offense and then [was] arrested for a non-detainable offense," defense counsel argued that defendant was "not detainable at this time." Even though the Winnebago County circuit court found that the offense pending before it was nondetainable, the court imposed "many" conditions of pretrial release, including that defendant wear a secure continuous remote alcohol monitor (SCRAM). Defense counsel said, "[W]e would adopt those conditions as requirements of his pretrial release here."

¶ 26 The prosecutor rejoined that "even a DUI that has been dismissed"—namely, the Hillside DUI—"can still be used as a prior offense when charging subsequent DUIs."

¶ 27 The Boone County circuit court said, "I don't find that Winnebago County's PFA judge—while I like him and respect him, I disagree with him and I don't think I'm bound by his decision as to whether it's detainable or not. Certainly the defendant has been charged with DUI 4, which is nonprobationable." The Boone County circuit court disagreed with the Winnebago County circuit court that the Rockford DUI was nondetainable. Even though the Hillside DUI charge had been dismissed, the Boone County circuit court saw nothing that would prevent the

Winnebago County prosecutor from "put[ting] on the prior—or the allegations from May 15th of 2022 in Hillside that's attached as Exhibit B and prove that up also as the fourth." The question was whether defendant committed the Hillside DUI, not whether he was convicted of it.

¶ 28　　　The Boone County circuit court concluded that nothing short of pretrial detention would keep defendant from committing another DUI and thereby putting the community in danger again. A SCRAM bracelet would be, in the court's view, "worthless." All the bracelet would do was "detect whether [defendant had] consumed alcohol after the fact." Having "blow[n] right through those commands and directives" that courts already had issued, defendant would treat new conditions of pretrial release the same way. Therefore, the Boone County circuit court granted the State's "Petition to Detain."

¶ 29　　　　　　　　　E. Defendant's Notice of Appeal

¶ 30　　　In his notice of appeal, which he filed on March 22, 2024, defendant contended that the pretrial detention order should be reversed for three reasons.

¶ 31　　　First, defendant contended he "was not charged with an offense qualifying for denial of pretrial release." See 725 ILCS 5/110-6.1(a)(1) (West 2022). The Class 4 felonies for which he was on probation in Boone County were not detainable offenses (since they were probationable). The "Petition to Detain," which the State filed in Boone County, sought his pretrial detention because of a new charge of aggravated DUI in Winnebago County. This charge from Winnebago County, however, was "not a part of the record in the instant matter." The Boone County circuit court wrote in the detention order that, "[p]ursuant to *People v. Dyer*, 2024 IL App (4th) 231524, the defendant is eligible to be detained on the Boone County cases based upon this detainable offense in Winnebago County." Defendant argued that this application of *Dyer* was "an overreach of the *Dyer* holding." He explained:

- 8 -

"The Defense position is that the situation the *Dyer* court was referring to would be applicable *if* the alleged new offense, while on probation, is a detainable offense *within* the same county, and that the Court in the instant matter does not have jurisdiction to determine whether a new offense, out of county, is detainable *after* that county has already made a ruling that it is non-detainable. The situation presented herein allows for 'two bites at the apple', which is not permissible under the longstanding doctrine of *res judicata*." (Emphases in original.)

According to defendant, "the decision of the Winnebago County court was a final, appealable order, and as such, the Court in Boone County does not have the jurisdiction/authority to detain defendant on a new non-detainable offense while on probation for non-detainable offenses."

¶ 32    Second, defendant claimed "[t]he State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged." See *id.* § 110-6.1(e)(1). The Hillside DUI case "has apparently been dismissed." Defendant argued, "Dismissal of a charge, for any reason, is arguably not clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged. Dismissal is rather the exact opposite: it is evidence that the offense charged was not committed."

¶ 33    Third, defendant complained he "was denied an opportunity for a fair hearing prior to the entry of the order denying or revoking pretrial release." The Rockford police report fails to "provide a statutory citation for the charges" listed therein. Although "[t]he State asserts/argues that the Winnebago Information charges a 'Class 2, non-probationable Aggravated [DUI offense,]' *** the State's Petition to Detain is not supplemented with a copy of that 'Information,' nor was that 'Information' filed with the Court."

¶ 34 II. ANALYSIS

¶ 35 A. The Asserted Inconsistency of the Pretrial Detention

With Section 5-6-4(b) of the Unified Code of Corrections

¶ 36 Defendant argues that, under section 5-6-4(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-6-4(b) (West 2022)), the circuit court had authority, in the probation revocation proceeding, only to "admit[ ]" him "to pretrial release on such terms as are provided in the [Code] , as amended" (to quote the statute). In other words, defendant argues, the Code "could only be looked to for proper conditions to issue the offender while on pretrial release." See *People v. Samuels*, 2024 IL App (3d) 230782, ¶ 32 (McDade, P.J., dissenting) ("I submit that the only reasonable interpretation of 'shall be admitted to pretrial release on such terms as are provided in the [Code], as amended' in section 5-6-4(b) is that pretrial release is mandatory but subject to relevant conditions that can be imposed by the circuit court." (Emphasis omitted.)); *contra Dyer*, 2024 IL App (4th) 231524, ¶ 21 ("Pursuant to article 110 of the Code, a [defendant in a probation revocation proceeding] may be detained if the new offense meets the criteria specified in section 110-6.1 (725 ILCS 5/110-6.1 (West 2022)).").

¶ 37 In his notice of appeal, defendant did not raise section 5-6-4(b) of the Unified Code. "In an appeal taken pursuant to Rule 604(h) [(Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023))]" (that is, in the version of Rule 604(h) that was in effect when defendant filed his notice of appeal), " 'issues not fairly raised through a liberal construction of [the] defendant's notice of appeal are forfeited.' " *People v. Brooks*, 2024 IL App (4th) 240503, ¶ 14. Liberally construed, defendant's notice of appeal does not raise noncompliance with section 5-6-4(b). Rather, without so much as mentioning section 5-6-4(b), the notice of appeal seems to take it as a given that *Dyer* is correct. Therefore, the issue arising out of section 5-6-4(b) is forfeited. See *id.*

- 10 -

¶ 38                                    B. Collateral Estoppel

¶ 39           Because "the circuit court in Winnebago County, where the alleged aggravated DUI offense is alleged to have occurred, heard and denied the State's petition, finding it was not a detainable offense," defendant argues that collateral estoppel barred the State from taking the position, in the Boone County circuit court, that the Winnebago County DUI was detainable. As defendant puts it, "the identical issue had been fully litigated by the State and a final judgment on the merits had been rendered" in Winnebago County.

¶ 40           At the time the Boone County circuit court granted the State's "Petition to Detain," had a final judgment really been issued by the Winnebago County circuit court? "It is well established that a judgment is not final for collateral estoppel purposes until the potential for appellate review has been exhausted." (Internal quotation marks omitted.) *People v. Powell*, 349 Ill. App. 3d 906, 909 (2004). According to defendant, the Winnebago County circuit court denied pretrial detention on March 6, 2024. Because the State had 14 days after that date to file a notice of appeal (see Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023)), the judgment in the Winnebago County circuit court was not yet final when, on March 8, 2024, the Boone County circuit court granted the State's "Petition to Detain." The doctrine of collateral estoppel requires a final judgment. *Powell*, 349 Ill. App. 3d at 909. We conclude, *de novo*, that there was no final judgment in the Winnebago County circuit court, making the doctrine inapplicable. See *id.*

¶ 41                            C. The Orderly Administration of Justice

¶ 42           The appellate court has cautioned that, "regardless of the lack of finality of the order entered by the court in which the original action was filed" (*Board of Trustees of Community College No. 508 v. Rosewell*, 262 Ill. App. 3d 938, 958 (1992)), "[o]ne circuit judge may not review or disregard the orders of another circuit judge in the judicial system of this State," for "such action

can only serve to diminish respect for and public confidence in our judiciary" (internal quotation marks omitted) (*Oliver v. Kuriakos-Ciesil*, 2020 IL App (4th) 190250, ¶ 16). Citing those authorities, defendant argues it was inconsistent with "the orderly administration of justice" for the Boone County circuit court to "ignor[e] the Winnebago court's decision and allow[ ] the State to relitigate the identical issue" of whether the Rockford offense was detainable.

¶ 43     We do not see that argument in the notice of appeal. Instead, in the notice of appeal, defendant raises *res judicata* and argues that the circuit court lacked "jurisdiction/authority" to arrive at a conclusion contrary to that of the Winnebago County circuit court. But the concern about the orderly administration of justice, as discussed in *Rosewell*, presupposes that the circuit court has jurisdiction or authority to make the problematic ruling. See *Rosewell*, 262 Ill. App. 3d at 963 ("Even if no final order was entered in those cases, an order requiring that interest in those escrows be turned over to plaintiffs, *although technically within Judge Scotillo's jurisdictional authority*, would under these circumstances constitute an abuse of discretion." (Emphasis added.)). A lack of "jurisdiction/authority" is different from a *Rosewell* claim. Liberally construed, the notice of appeal does not raise a concern about the orderly administration of justice, and consequently, this issue is forfeited. See *Brooks*, 2024 IL App (4th) 240503, ¶ 14.

¶ 44     D. The Effect of the Dismissal of the Hillside DUI Case

¶ 45     Section 110-6.1(a)(1) of the Code provides:

"(a) Upon verified petition by the State, the court shall hold a hearing and may deny a defendant pretrial release only if:

(1) the defendant is charged with a felony offense other than a forcible felony for which, based on the charge or the defendant's criminal history, a sentence of imprisonment, without probation, periodic

imprisonment or conditional discharge, is required by law upon conviction, and it is alleged that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case[.]" 725 ILCS 5/110-6.1(a)(1) (West 2022).

Thus, to be detainable under section 110-6.1(a)(1), the felony offense of which the defendant is charged must be one for which imprisonment is mandatory and probation is statutorily unavailable.

¶ 46 "A fourth violation of [section 11-501 (625 ILCS 5/11-501 (West 2022))]"—the DUI statute—"is a Class 2 felony, for which a sentence of probation *** may not be imposed." 625 ILCS 5/11-501(d)(2)(C) (West 2022). In other words, a fourth DUI is a nonprobationable Class 2 felony.

¶ 47 Defendant argues, "The State failed to show that [he] had committed a detainable, Class 2, fourth aggravated DUI where one of the predicate aggravated DUI charges, under case 24 CF 606 in Winnebago County, had been dismissed." But there had to be four DUIs, not four aggravated DUIs. See *id.* Two DUIs, *i.e.*, the DUI of August 8, 2021, and the earlier DUI that had resulted in the revocation of defendant's driver's license, were established by defendant's guilty plea to the charge of aggravated DUI in Boone County. The Hillside DUI of May 15, 2022, was the third DUI. The Rockford DUI of March 4, 2024, was the fourth DUI. Granted, in the Cook County circuit court, the Hillside DUI apparently was dismissed in return for defendant's guilty plea to resisting a peace officer. Even so, the Hillside DUI did not have to be the subject of a charge or a conviction. Section 11-501(d)(2)(C) speaks of a "fourth violation," not a fourth charge or fourth conviction. *Id.* The Boone County circuit court did not abuse its discretion by finding that the detailed Hillside police report was clear and convincing evidence of defendant's commission

of a DUI on May 15, 2022, at Warren and Englewood Avenues in Hillside. See *People v. Woods*, 2024 IL App (4th) 240190, ¶ 14.

¶ 48                                    III. CONCLUSION

¶ 49            For the foregoing reasons, we affirm the circuit court's judgment.

¶ 50            Affirmed.